# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF NORTH CAROLINA

TEXTNOW, INC.,

           Plaintiff,

v.

CAROLINA DIGITAL PHONE, INC.

          Defendant.

Case No. 1:25-CV-1071 _____

**COMPLAINT FOR**

1. **Trademark Infringement, 15 U.S.C. § 1114(1)**

2. **Trademark Infringement and False Designation of Origin, 15 U.S.C. § 1125(a)(1)(A)**

3. **Cybersquatting, 15 U.S.C. §1125(d)**

4. **Trademark Counterfeiting, 15 U.S.C. §1114(1)**

5. **Common Law Trademark Infringement and Unfair Competition**

**DEMAND FOR JURY TRIAL**

---

       Plaintiff TextNow, Inc. ("Plaintiff" or "TextNow") brings this action against Defendant Carolina Digital Phone, Inc. ("Defendant" or "CDP").

## NATURE OF THE CASE

       1.    This is an action for trademark infringement and trademark counterfeiting under 15 U.S.C. § 1114(1), trademark infringement and false designation of origin under 15 U.S.C. § 1125(a)(1)(A), cybersquatting under 15 U.S.C. § 1125(d), and common law trademark infringement and unfair competition. Plaintiff seeks equitable and monetary relief for Defendant's deliberate and ongoing actions that constitute knowing violations and misappropriation of Plaintiff's rights in its TEXTNOW trademark and trade name.

-1-

2. TextNow's claims arise out of CDP's infringement of TextNow's TEXTNOW trade name and trademark (collectively, the "TEXTNOW Mark") that TextNow and its predecessors in interest have used for more than 15 years in connection with texting and call products and services.

3. Despite the recognition of the TEXTNOW Mark in the call and texting fields, CDP adopted and commenced using the identical mark "TEXTNOW," including as its domain name, to promote and sell its own texting products and services. As detailed below, CDP's use of TEXTNOW is likely to cause confusion with TextNow's TEXTNOW Mark.

4. CDP's adoption and use of TEXTNOW have at all times been in knowing and willful violation of TextNow's rights in the TEXTNOW Mark. TextNow has expressly objected to CDP's use of its infringing TEXTNOW mark, but CDP has ignored TextNow's letters and continues to operate under the TEXTNOW mark.

## THE PARTIES

5. Plaintiff TextNow, Inc. is a Canadian corporation having a place of business in the United States at 535 Mission Street, 17th Floor, San Francisco, California 94105.

6. Defendant Carolina Digital Phone, Inc. is a North Carolina corporation with a principal place of business at 301 S. Elm Street, Greensboro, North Carolina 27401.

## JURISDICTION AND VENUE

7. This action arises under the federal Trademark Act, 15 U.S.C. § 1051, *et seq.*, and the related laws of the state of North Carolina. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b). Further, this Court has supplemental jurisdiction over Plaintiff's common law claims pursuant to 28 U.S.C. § 1367(a) because those claims are substantially related to Plaintiff's federal claims and arise out of the same operative facts.

-2-

8.     This Court has personal jurisdiction over Defendant because Defendant is incorporated in the State of North Carolina and has its principal place of business in this district. Defendant also has purposefully availed itself to the laws of the State of North Carolina by, among other things, deliberately advertising, promoting, offering to sell, and selling its products and services under the infringing TEXTNOW mark at issue in this action to consumers in this district, and TextNow is being harmed by such infringing activities in this District.

9.     Venue is proper in this district pursuant to 28 U.S.C. § 1391.

**TEXTNOW AND ITS TEXTNOW TRADEMARK AND TRADE NAME**

10.     TextNow is a provider of Voice over Internet Protocol (VoIP) that allows users to text and call any number in the United States at no cost to the user when connected to Wi-Fi.

11.     Since its founding in 2009, TextNow has continuously used the trademark and trade name TEXTNOW (collectively defined above as the "TEXTNOW Mark") for offering, promoting, and providing its call and text products and services, becoming one of the leading providers of free text and call services throughout the United States over that time period.

12.     Under the TEXTNOW Mark, TextNow has helped millions of people stay connected with a free phone number and ad-supported calling and texting over Wi-Fi and a nationwide LTE network. TextNow offers these services without any hidden fees and is currently the largest provider of free and premium ad-supported nationwide phone and texting service in the United States.

13.     More than just providing a second phone number for an individual's personal use, TextNow's text and call services under the TEXTNOW Mark are prominently promoted to and used by small businesses, entrepreneurs, and freelancers for business needs. TextNow provides easy and accessible means to obtain a local telephone

number for business use, providing businesses with the ability to text and call its customers and clients for free. Shown below is a representative example of a TEXTNOW business advertisement.



14.    TextNow offers its free call and text services through its downloadable TEXTNOW mobile app. As shown in the examples below, the TEXTNOW mobile app is available to download on the Apple App Store, Google Play Store, and the Microsoft Store. Since its launch in 2009, the TEXTNOW mobile app has been downloaded more than 200 million times and is ranked as a top 10 free social networking app in the Apple App Store.

-4-





15. TextNow's product offerings over the years also have expanded to include free and paid data plans and SIM cards, as well as web messaging and chat functionality. Such functionality is used by all types of end users, including entrepreneurs to communicate with their customers and clients.

16. In addition to its strong common law rights in the TEXTNOW Mark, TextNow owns the valid and subsisting United States trademark registration for the

TEXTNOW Mark, as detailed in the chart below. A printout of the TEXTNOW trademark registration is attached as **Exhibit A.**

| Mark | Reg. No. Reg. Date App. Date | First Use First Use in Commerce | Goods/Services |
|---|---|---|---|
| **TEXTNOW** | 4366623 Jul. 16, 2013 Jun. 23, 2010 | Nov. 1, 2009 | **Cl. 9:** downloadable software application for use on a mobile communications device that allows a user to send and receive unlimited text and picture messages |

17.     The registration listed above is valid, subsisting, and incontestable, and constitutes conclusive evidence of TextNow's ownership of and exclusive right to use the TEXTNOW Mark in connection with the goods recited in the registration.

18.     TextNow has established considerable and valuable trademark rights and goodwill in the TEXTNOW Mark by virtue of its long use of its mark, its substantial promotional and marketing efforts under its mark, its expenditure of vast sums on advertising and promotional activities featuring its mark, the massive sales of products and services offered and rendered in connection with the TEXTNOW Mark, and third-party acclaim and attention for its mark.

19.     Revenues generated from products and services offered, sold, and advertised in connection with the TEXTNOW Mark over the years have been substantial, including revenues exceeding $100 million annually since 2021 alone. TextNow also earned many millions of dollars in revenue under the TEXTNOW Mark prior to 2021.

20.     TextNow has expended many millions of dollars over the years advertising and promoting its products and services throughout the United States under the TEXTNOW Mark in various media and forms (e.g., television, sponsorships), including millions of dollars annually for many years.

21.     For example, TextNow engages in extensive online advertising that features

its TEXTNOW Mark to promote TextNow's free call and text services. TextNow also prominently displays its TEXTNOW Mark on its own heavily trafficked website at www.textnow.com and associated social media accounts with more than 300,000 combined followers, and through significant advertising on third-party websites. As shown in the representative examples below, the TEXTNOW Mark prominently appears throughout the TEXTNOW website, including as the header on every page of the website, and as the icon for the TEXTNOW mobile app.





Case 1:25-cv-01071    Document 1    Filed 11/24/25    Page 7 of 23





22.     TextNow also engages in television advertising prominently featuring the TEXTNOW Mark to promote its free call and text products and services, as shown in the examples below. TextNow's television advertisements featuring the TEXTNOW Mark have appeared on more than 100 major national television networks, cable television networks and streaming platforms, and as advertisements on popular and heavily trafficked websites. Since September 2023 alone, TextNow's commercials, all of which prominently display the TEXTNOW Mark, have received more than 1.4 *billion* total impressions (i.e., the number of times the commercial is viewed).





23.    TextNow also displays the TEXTNOW Mark on all of its printed marketing materials, including on SIM activation packages, as shown in the example below, thus exposing countless consumers to the TEXTNOW Mark.



24.    In addition to its own advertising and promotion, TextNow also has received extensive media attention nationwide, including on popular websites and in leading online and print publications of national circulation such as *Yahoo*, *Time*, *The Wall Street Journal*, *CNET*, *USA Today*, and *Bloomberg*, among others.

25.    As a result of TextNow's long and extensive use of the TEXTNOW Mark, and the significant sales, promotion, advertising, third-party acclaim, and commercial success under that mark, the TEXTNOW Mark has achieved such widespread public exposure and recognition that it possesses a high degree of distinctiveness and has been well known in the United States for many years.

**DEFENDANT AND ITS INFRINGEMENT OF THE TEXTNOW MARK**

26.     Defendant Carolina Digital Phone, Inc. is a cloud-based VoIP phone systems company based in North Carolina.

27.     Well after TextNow began using and promoting its well-known TEXTNOW Mark, Defendant and/or those acting on behalf of Defendant, registered and began using the domain name TEXTNOW.CLOUD and launched a text message service offering under the identical name and mark "TEXTNOW" (the "Infringing TEXTNOW Mark").

28.     According to its website www.textnow.cloud, "Text Now messaging is a business text messaging platform that gives you the features you need to connect with your audience." As shown in the example below, CDP prominently displays the Infringing TEXTNOW Mark throughout its website, including in its domain name TEXTNOW.CLOUD, in the header and footer of every page, and on associated social media pages.



-10-





29.     Defendant also uses the Infringing TEXTNOW Mark to offer and promote a variety of business text messaging services through a downloadable mobile app. Like TextNow, Defendant's TEXTNOW mobile app is also available for download on the Apple App Store and Google Play Store. As shown below, Defendant uses the Infringing TEXTNOW Mark as part of its app store display and in the app's splash screen.





-11-



30.    Given TextNow's prior rights in the TEXTNOW Mark, Defendant's use of the identical mark TEXTNOW for the same type of text app and services is likely to cause consumers to mistakenly believe that Defendant or its TEXTNOW mobile app and messaging services is a part of or a product line of TextNow, that TextNow sponsors or endorses Defendant or Defendant's TEXTNOW mobile app and services, and/or that Defendant is somehow affiliated or otherwise connected with TextNow. Defendant's use of the identical name and mark may also dupe consumers searching for TextNow's app and services into downloading Defendant's app instead.

31.    A simple internet search leaves little doubt that actual confusion will occur and/or is already occurring. As shown in the representative example below, TextNow and Defendant's offerings show up as the first two search results in GOOGLE.



32.    Worse, a consumer querying GOOGLE for whether TextNow offers any services for businesses is immediately and mistakenly informed that *Defendant's* infringing TEXTNOW platform is one of *TextNow's* business offerings.



33.     TextNow has no control over the quality of the products or services Defendant provides under the Infringing TEXTNOW Mark. By using the Infringing TEXTNOW Mark for the same and/or overlapping products and services, Defendant is able to exploit for its own unfair commercial advantage TextNow's hard-earned goodwill and brand name recognition.

**TEXTNOW'S OBJECTIONS TO DEFENDANT'S INFRINGING CONDUCT**

34.     TextNow has objected, and continues to object, to Defendant's use of the Infringing TEXTNOW Mark. Despite these objections, Defendant has refused to cease its infringing conduct.

35.     On September 11, 2025, TextNow submitted a trademark dispute complaint directly to Apple, objecting to Defendant's use of the Infringing TEXTNOW Mark for a mobile downloadable app based on TextNow's prior rights in its TEXTNOW Marks. Apple informed Defendant of TextNow's objection but Defendant continued to use its infringing mark despite knowledge of TextNow's objection and prior rights in the TEXTNOW Mark.

36.     On September 23, 2025, TextNow, through outside counsel, sent a cease-and-desist letter to Defendant, again objecting to Defendant's use of the Infringing TEXTNOW Mark and demanding that Defendant cease using the mark.

37.     TextNow sent an additional follow-up to Defendant on October 14, 2025, again objecting to Defendant's use the Infringing TEXTNOW Mark. Defendant did not respond to TextNow's October 14, 2025 follow-up.

38.     Accordingly, at the time Defendant selected, adopted, and began use of the Infringing TEXTNOW Mark, including as part of its TEXTNOW.CLOUD domain name, Defendant had constructive knowledge of TextNow's prior use of the TEXTNOW Mark for its call and text products and services. Defendant had actual knowledge of TextNow's prior use of the TEXTNOW Mark by not later than September 11, 2025. By commencing

-14-

use of the Infringing TEXTNOW Mark, and continuing that use, despite such constructive and actual knowledge, Defendant did so in bad faith to take advantage of the tremendous reputation and goodwill of TextNow and its incredibly popular and well-known TEXTNOW Mark and TEXTNOW mobile app.

39.     TextNow has objected, and continues to object, to Defendant's use of the Infringing TEXTNOW Mark. Despite these objections, Defendant has refused to cease use of its Infringing TEXTNOW Mark.

40.     Defendant's continued use, advertisement, promotion, offering, and sales of its call and text products and services under the Infringing TEXTNOW Mark, including as part of its domain name, demonstrates that Defendant willfully intended to trade upon the goodwill of TextNow and the TEXTNOW Mark and/or recklessly disregarded TextNow's rights.

41.     Defendant's ongoing use of the Infringing TEXTNOW Mark falsely suggests and is likely to create the false impression that Defendant is a part of TextNow, that TextNow sponsors or endorses Defendant or Defendant's product products and services, and/or that Defendant is a TextNow partner or vendor, or is otherwise affiliated with and connected with TextNow or TextNow's products and services when no such connection, affiliation, or endorsement exists or ever existed.

## HARM TO PLAINTIFF AND THE GENERAL PUBLIC

42.     Defendant's actions described above with respect to the use of the Infringing TEXTNOW Mark have damaged and irreparably injured and, if permitted to continue, will further damage and irreparably injure TextNow, the TEXTNOW Mark, and TextNow's reputation and goodwill associated with the TEXTNOW Mark. Defendant's actions also damage the public's interest in being free from confusion as to the source, sponsorship, and/or affiliation of Defendant's products and services.

43.     Defendant's use of the Infringing TEXTNOW Mark is likely to cause

-15-

confusion, mistake, or deception as to the source or origin of Defendant's products and commercial activities, and is likely to falsely suggest a sponsorship, connection, license, or association of Defendant's and/or its products and services with TextNow and/or TextNow products and services.

44. Defendant was aware of TextNow's prior rights in the TEXTNOW Mark before using the Infringing TEXTNOW Mark, including in its domain name, and thus Defendant has acted willfully with respect to TextNow's prior trademark rights.

45. TextNow has no adequate remedy at law.

**FIRST CAUSE OF ACTION**
**Trademark Infringement Under 15 U.S.C. § 1114(1)**

46. TextNow repeats and realleges each and every allegation set forth above.

47. Without TextNow's consent, Defendant used and continues to use in commerce the Infringing TEXTNOW Mark as described above, including in its domain name TEXTNOW.CLOUD, which is a reproduction, copy, and/or colorable imitation of TextNow's registered TEXTNOW mark, in connection with the offering, sale, and advertising of Defendant's products and services, which is likely to cause confusion, or to cause mistake, or to deceive, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

48. The actions of Defendant described above have at all times relevant to this action been willful.

49. As a direct and proximate result of the actions of Defendant as alleged above, TextNow has been and will continue to be damaged and irreparably harmed.

50. TextNow has no adequate remedy at law.

**SECOND CAUSE OF ACTION**
**Trademark Infringement and**
**False Designation of Origin Under 15 U.S.C. § 1125(a)(1)(A)**

51. TextNow repeats and realleges each and every allegation set forth above.

-16-

52. Defendant's use of the Infringing TEXTNOW Mark as described above, including in its domain name TEXTNOW.CLOUD, is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendant's products, services, and commercial activities, and thus constitutes trademark infringement, false designation of origin, and unfair competition with respect to the TEXTNOW Mark, in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

53. The actions of Defendant described above have at all times relevant to this action been willful.

54. As a direct and proximate result of the actions of Defendant as alleged above, TextNow has been and will continue to be damaged and irreparably harmed.

55. TextNow has no adequate remedy at law.

**THIRD CAUSE OF ACTION**
**Cybersquatting Under 15 U.S.C. § 1125(d)**

56. TextNow repeats and realleges each and every allegation set forth above.

57. Defendant caused to be registered, registered, trafficked in, and/or used the TEXTNOW.CLOUD domain name with a bad-faith intent to profit from TextNow's TEXTNOW Mark.

58. Defendant and/or others acting on Defendant's behalf is or was the registrant or the registrant's authorized licensee or user of TEXTNOW.CLOUD domain name.

59. The TEXTNOW.CLOUD domain name is identical to TextNow's federally registered and prior-used TEXTNOW Mark.

60. TextNow's TEXTNOW Mark was inherently distinctive and federally registered at the time Defendant registered and used the TEXTNOW.CLOUD domain name.

61. The TEXTNOW.CLOUD domain name does not consist of any prior non-

infringing legal name of the Defendant, or any prior non-infringing name that is otherwise commonly used to identify the Defendant.

62. Defendant has not made any prior non-infringing use of the TEXTNOW.CLOUD domain name in connection with the bona fide offering of any products or services.

63. Defendant's registration, use, and/or trafficking of the TEXTNOW.CLOUD domain name constitutes cybersquatting in violation of 15 U.S.C. § 1125(d).

64. The actions of Defendant described above have at all times relevant to this action been willful.

65. As a direct and proximate result of the actions of Defendant as alleged above, TextNow has been and will continue to be damaged and irreparably harmed.

66. TextNow has no adequate remedy at law.

**FOURTH CAUSE OF ACTION**
**<u>Trademark Counterfeiting Under 15 U.S.C. § 1114(1)</u>**

67. TextNow repeats and realleges each and every allegation set forth above.

68. TextNow owns U.S. Trademark Registration No. 4366623 for a downloadable software application for use on a mobile communications device that allows a user to send and receive unlimited text and picture messages, as detailed in Paragraph 16 above.

69. Without TextNow's consent, Defendant used and continues to use in commerce the name and mark TEXTNOW, including in its TEXTNOW.CLOUD domain name, which is a reproduction, substantially indistinguishable variation, counterfeit, copy, and colorable imitation of TextNow's registered TEXTNOW Mark. Defendant uses the Infringing TEXTNOW Mark in connection with the offering, distribution, and/or advertising of Defendant's TEXTNOW mobile application and text messaging product

-18-

and service, which is likely to cause confusion, or to cause mistake, or to deceive, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

70.     The actions of Defendant described above have at all times relevant to this action been willful.

71.     As a direct and proximate result of the actions of Defendant as alleged above, TextNow has been and will continue to be damaged and irreparably harmed.

72.     TextNow has no adequate remedy at law.

**FIFTH CAUSE OF ACTION**
**Common Law Trademark Infringement and Unfair Competition**

73.     TextNow repeats and realleges each and every allegation set forth above.

74.     Defendant's use of the Infringing TEXTNOW Mark, as described above, constitutes common law trademark infringement, unfair competition, and misappropriation of TextNow's goodwill under the common law of North Carolina.

75.     The actions of Defendant described above have at all times relevant to this action been willful and/or knowing.

76.     As a direct and proximate result of the actions of Defendant as alleged above, TextNow has been and will continue to be irreparably harmed.

77.     TextNow has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, TextNow prays that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief including, but not limited to, the following:

A.     An Order declaring that Defendant's use of the Infringing TEXTNOW Mark constitutes trademark counterfeiting, trademark infringement, cybersquatting, unfair competition, and false designation of origin under federal and/or state law, as detailed above;

B.     An injunction preliminarily and permanently enjoining Defendant and its employees, contractors, officers, directors, principals, parents, subsidiaries, affiliates, related companies, and all persons in active concert or participation with any of them:

1.     From using, registering, or displaying the Infringing TEXTNOW Mark in any form or color including, but not limited to, in connection with any other wording or designs, and from using any marks, logos, designs, images, designations, or indicators, that are confusingly similar to the TEXTNOW Mark in any unauthorized manner on or in connection with any products or services, including without limitation Defendant's domain name, Defendant's promotional products, Defendant's website(s), and Defendant's social media and apps;

2.     From registering, trafficking in, and using, in any manner, the TEXTNOW.CLOUD domain name and any other domain name that is confusingly similar to Plaintiff's TEXTNOW Mark;

3.     From representing by any means whatsoever, directly or indirectly, that Defendant, any products or services offered by Defendant, or any activities undertaken by Defendant, are associated or connected in any way with TextNow including, but not limited to, using the Infringing TEXTNOW Mark or any confusingly similar designs, images, logos, icons, or marks; and

4.     Instructing, assisting, aiding, or abetting any other person or business entity in engaging or in performing any of the activities referred to in subparagraphs B.1 through B.3 above;

C.     An Order directing Defendant to transfer to Plaintiff or Plaintiff's designee the domain name TEXTNOW.CLOUD, and any other domain name Defendant owns or controls, directly or indirectly, or that were registered or acquired at its direction, request, or instruction, that contain, are comprised of, or otherwise are confusingly similar to the TEXTNOW Mark;

D.     An Order authorizing any domain name registrar, privacy, and proxy service for the TEXTNOW.CLOUD domain to transfer to Plaintiff or Plaintiff's designee ownership and control of the TEXTNOW.CLOUD domain and any other domain name that Defendant owns or controls that contain, are comprised of, or is otherwise confusingly similar to the TEXTNOW Mark;

E.     An Order directing Defendant to destroy or permanently remove, as applicable, the Infringing TEXTNOW Mark from all of Defendant's products, signage, websites, third-party websites (including, but not limited to, any social media pages and online app download stores), advertising, promotional materials, emails, television commercials, videos, posters, displays, brochures, catalogs, newsletters, manuals, forms, stationery, promotional merchandise, print materials, and any other materials and things that bear or display the Infringing TEXTNOW Mark, or any other designs, images, logos, icons, or marks that are confusingly similar to the TEXTNOW Mark;

F.     An Order directing Defendant to immediately cancel all printing and placements of any products, advertisements, promotional materials, signs, and listings, including directory listings, in any media or format bearing or displaying the Infringing TEXTNOW Mark, or any other designs, images, logos, icons, or marks that are confusingly similar to the TEXTNOW Mark;

G.     An Order directing Defendant to file with this Court and serve on TextNow's attorneys, within thirty (30) days after the date of entry of any injunction, a report in writing and under oath setting forth in detail the manner and form in which it has complied with the injunction;

H.     An Order requiring Defendant to account for and pay to TextNow any and all profits arising from the foregoing acts of infringement, false designation of origin, and unfair competition, and increasing such profits for payment to TextNow in accordance with 15 U.S.C. § 1117 and other applicable statutes and laws;

I.     An Order requiring Defendant to pay TextNow compensatory damages in an amount as yet undetermined caused by the foregoing acts of infringement, false designation of origin, and unfair competition, and trebling such compensatory damages for payment to TextNow in accordance with 15 U.S.C. § 1117 and other applicable statutes and laws;

J.     An Order requiring Defendant to pay, at TextNow's election, statutory damages under 15 U.S.C. § 1117(d) for each domain name found to constitute cybersquatting;

K.     An Order requiring Defendant to pay, at TextNow's election, statutory damages under 15 U.S.C. § 1117(c) per counterfeit mark per type of good or service sold, offered for sale, or distributed by Defendant under the Infringing TEXTNOW Mark, including an award of enhanced statutory damages due to the willful nature of Defendant's actions as described above.

L.     An Order requiring Defendant to pay TextNow's costs and attorney's fees in this action pursuant to 15 U.S.C. § 1117; and

M.     Other relief as the Court may deem appropriate.

## JURY DEMAND

Under Fed. R. Civ. P. 38, Plaintiff TextNow, Inc. hereby demands a trial by jury on all issues triable as of right by a jury.

Dated:  November 24, 2025          **ELLIS & WINTERS LLP**

/s/ Paul K. Sun, Jr.

Paul K. Sun, Jr.
N.C. State Bar No. 16847
P.O. Box 33550
Raleigh, North Carolina 27636
Paul.sun@elliswinters.com
Telephone: (919) 865-7000
Facsimile: (919) 865-7010

Jason M. Joyal
DC State Bar No. 1015808
KELLY IP LLP
*Notice of Special Appearance to be filed*

*Counsel for Plaintiff TextNow, Inc.*